MOUNTAIN PAPER PRODUCTS COR-
PORATION, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 196, Docket 26571.

United States Court of Appeals
Second Circuit.

Argued Feb. 7, 1961.

Decided March 14, 1961.

A. Pearley Feen, Burlington, Vt. (Paul
D. Sheehey, R. Allan Paul, Burlington,
Vt., on the brief), for appellant.

Michael I. Smith, Washington, D. C.
(Louis G. Whitcomb, U. S. Atty., Rut-
land, Vt., Abbott M. Sellers, Acting Asst.
Atty. Gen., Lee A. Jackson, A. F. Pres-
cott, Department of Justice, Washington,
D. C., on the brief), for appellee.

Before LUMBARD, Chief Judge,
MADDEN, Judge, United States Court
of Claims,* and WATERMAN, Circuit
Judge.

MADDEN, Judge.

The plaintiff sued in the United States
District Court for the District of Ver-
mont, to recover Federal income taxes
which it was required to pay but says it
did not owe. The question is whether
it was entitled to a certain deduction
from its income, for tax purposes. The
tax years in question were the plaintiff's
fiscal years 1951 and 1952. The District
Court denied recovery and the plaintiff
brought this appeal.

The plaintiff corporation was engaged
in the business of providing sales and
management services to two paper manu-
facturing corporations, White Mountain
Paper Company and Mountain Water-
proof Papers, Inc. It provided sales
services but not management services to
a third company, Green Mountain Tissue
Company, Inc. The stock, directorships
and offices of the above named three com-
panies, and of the plaintiff, were held by
Frederick W. Vogel and his wife, and
Max D. Bliss and his wife. Mr. Vogel
and Mr. Bliss personally performed the
managerial services rendered by the
plaintiff to the three other corporations.

* Sitting by designation.

Another company, Ryegate Paper Company, with which the Vogel family and the Bliss family and their corporations had no connection, became available for possible acquisition. The plaintiff company wanted Ryegate to be brought within the group of Vogel-Bliss affiliated companies, allegedly in order that the plaintiff company might be employed to provide sales and management services for Ryegate, and earn the fees or commissions incident to that employment.

In January 1951, the plaintiff company employed an outside entity, G. H. Walker and Company, to devise a financial and legal arrangement pursuant to which Green Mountain and White Mountain acquired the ownership of Ryegate. The plaintiff company paid G. H. Walker and Company $34,999.92 for its services in this regard, and also paid out $3,057.73 for travel, legal work and auditing in connection with the transaction. All these expenditures were made during the tax years here in question.

In its tax returns, the plaintiff took deductions for the expenditures recited above, classifying them as "ordinary and necessary" expenses incurred in carrying on its business. The taxing authorities disallowed the deductions and assessed the deficiencies resulting from the disallowances. The plaintiff paid the deficiencies, filed appropriate claims for refund and, upon the disallowance of those claims, brought the instant suit. Section 23(a) (1) (A) of the Internal Revenue Code of 1939, 26 U.S.C. (1952 ed.) § 23(a) (1) (A), authorizes the deduction from gross income of all "ordinary and necessary" business expenses paid during the taxable year. The statutes give no further enlightenment as to what expenses are deductible under this provision. Mr. Justice Cardozo, in dealing with this problem, said, for the Supreme Court of the United States, in 1933, in Welch v. Helvering, 290 U.S. 111, 116, 54 S.Ct. 8, 10, 78 L.Ed. 212:

"Many cases in the federal courts deal with phases of the problem presented in the case at bar. To attempt to harmonize them would be a futile task. They involve the appreciation of particular situations, at times with borderline conclusions.

At this point the Justice said "Typical illustrations are cited in the margin" and cited, with a short recital of the facts of each case, several cases in which the expenses had been held to be ordinary, and several cases in which they had been held not to be ordinary.

■ Since the Supreme Court spoke, as above quoted, in 1933, litigation of the question has continued apace. Yet the codifications of the Internal Revenue laws in 1939, supra, and in 1954, 26 U.S.C. (1958 ed.) § 162(a), did not change a syllable of the statutory language. This shows, of course, that it has been found impossible to write a useful definition of the words "ordinary and necessary," for the purpose here at hand. The problem has been left thus at large in the laps of the tax administrators and the courts.

In Welch v. Helvering, supra, the Court suggests that whatever is appropriate and helpful to the plaintiff's business may be "necessary," within the meaning of the statute. But when the expenditure has been found, as it might be found in the plaintiff's case, to be necessary, within the meaning suggested by the Supreme Court, the more difficult question of whether it is "ordinary" is still to be solved.

■ An expenditure does not fail the test of being "ordinary" because it has never before happened to the affected taxpayer. The Supreme Court's illustration is that of a lawsuit affecting the safety of a business. If one considers business as a whole, such expenditures are numerous, hence not out of the ordinary.

■ The plaintiff's expenditure was for the purpose of putting the ownership of a going business, Ryegate, and its property into the hands of two legal strangers to the plaintiff. Without more, that conduct on the part of the plaintiff would be so extraordinary as to be in-

explicable. But when we recall that the plaintiff hoped to earn commissions and fees for services which it would perform for Ryegate, and that the two companies which were to own Ryegate were owned by the same natural persons who owned the plaintiff, the conduct becomes explicable. The fact that it was explicable may well have satisfied the statutory requirement that the expenditure be "necessary." It does not, of itself, show that the expenditure was "ordinary."

The evidence is confused as to the time and amount of the plaintiff's earnings from Ryegate, but indicates that they may have been some $7,000 a year. At that rate it would have taken many years for the plaintiff to have recovered its investment in Ryegate, even assuming that it could have performed the services without additional cost so that the earnings would have been net. The plaintiff would not, of course, have made its Ryegate expenditure if it had been taking any risk as to whether Ryegate would continue to use the plaintiff's services. It was not taking any such risk for the reason which appears above.

The situation was, then, that the plaintiff was willing to pay a large amount of money toward the acquisition, by two other legal entities, of a business enterprise. It was willing to do so only because of the circumstance that the two other legal entities were owned by the same natural persons who owned the plaintiff. Mountain Paper Products was not obligated to its clients to furnish advice on possible expansion. Compare C. I. R. v. Bagley & Sewall Co., 2 Cir., 1955, 221 F.2d 944. This combination of circumstances cannot be characterized as anything other than extraordinary. See Welch v. Helvering, supra, *passim*. The decision of the District Court was right.

Affirmed.